**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FILED
SCRANTON
JUN 3 2014
PER ________
DEPUTY CLERK

BARRY WALKER,
Plaintiff :
:
v. : CIVIL NO. 3:13-CV-0205
:
UNITED STATES OF AMERICA, : (JUDGE NEALON)
Defendant : (MAGISTRATE JUDGE CARLSON)

**MEMORANDUM**

On January 28, 2013, Plaintiff, Barry Walker, an inmate currently confined at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, filed a pro se complaint pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2401, et seq., and 28 U.S.C. § 2675, et seq. (Doc. 1). Plaintiff alleges that in June of 2011, he suffered Salmonella poisoning at USP-Canaan from eating chicken fajitas that contained "bad" chicken contaminated with salmonella bacteria. (Id.) On January 29, 2013, an Order was issued by Magistrate Judge Martin C. Carlson, which stated that the Court appointed Joseph Barrett, Esquire to serve as mediator in a string of salmonella cases, including this instant case, with mediation sessions and an accompanying comprehensive status report to be completed by Defendant and Attorney Joseph Barrett by March 31, 2013. (Doc. 8). On May 24, 2013, Mediator Joseph A. Barrett, Esquire filed a Report of Mediator, in which it was reported that Defendant settled his FTCA

claim and a 90-day Dismissal Order was requested. (Doc. 20). On May 24, 2013, this Court issued an Order dismissing the case without costs and without prejudice to the right of either party, upon good cause shown within ninety (90) days, to reinstate the action if settlement were not consummated. (Doc. 21).

On October 25, 2013, Plaintiff filed a "Status Report" advising that settlement had not been consummated, and requesting that his case be reinstated. (Doc. 27). On February 5, 2014, Plaintiff filed a Motion to Reopen his case. (Doc. 31). On February 18, 2014, Defendant filed its Response with two attached exhibits. (Doc. 33).

On March 7, 2014, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") recommending that Plaintiff's Motion to Reopen be denied. (Doc. 34). On April 9, 2014, Plaintiff filed Objections to the R&R. (Doc. 37). On April 23, 2014, Defendant filed a Brief in Opposition to Plaintiff's Objections. (Doc. 38). For the reasons set forth below, the R&R will be adopted, and Plaintiff's Motion to Reopen will be denied.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks,

885 F.2d 1099, 1106 n.3 (3d Cir. 1989); see Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process."); see also Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). Conversely, in the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); See Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice."). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M. D. Pa. L. R. 72.3.

**Discussion**

In his Motion to Reopen, Plaintiff alleges that settlement has not been fully consummated because he has not received his payment according to the settlement agreement terms. (Doc. 31). In its Response, Defendant explains that full payment was made to Plaintiff by the U.S. Treasury pursuant to the settlement

agreement, but that the Treasury, which is not a party to the case, has statutory authority to collect "delinquent non-tax debts owed to the federal government by offsetting payments made by other federal agencies." (Doc. 34, pp. 2-3). Non-tax debts owed includes child support, federal and state taxes, restitution, and any other delinquent amount owed to the federal, state or local government. (Id. at 3). Furthermore, Defendant states that "payments made from the Judgment Fund to satisfy awards are statutorily required to be offset pursuant to 31 U.S.C. § 3728 and 31 U.S.C. § 3716. Therefore, absent some explicit statutory language to the contrary, there is no exception to this legal requirement that these payments be offset." (Id.). "In this case, pursuant to the legally-mandated Treasury Offset Program, the Treasury has confirmed these settlement funds have been applied against some other outstanding debt owed by the plaintiff." (Id.). Defendant also notes that "due to privacy considerations, the Treasury cannot disclose the precise nature of these offset obligations to the defendant." (Id.).

In analyzing these filings, Magistrate Judge Carlson recommends that the Motion to Reopen the case be denied because "the defendant has substantially complied with the terms of the agreement, but under other provisions of federal law[,] the plaintiff's settlement payment has been applied to the plaintiff's outstanding, pre-existing financial obligations." (Id. at 3-4).

In the R&R, Magistrate Judge Carlson cites the Treasury Offset Program ("TOP") and an abundance of case law that supports the TOP's ability to collect payment against a debtor to satisfy outstanding debts. (Doc. 34, p. 5). Initially, Plaintiff's settlement is subject to collection by a federal agency under the TOP because "[an inmate's] settlement falls under 31 U.S.C. § 1304(a)(3)(A)." (Id.), citing United States v. Bailey, CRIM. 03-370 ADM/AJB, 2013 WL 5964447 (D. Minn. Nov. 4, 2013). Once funds are subject to offset, payments under the TOP "can then be used to pay a wide range of debts owed by a federal prisoner, including child support obligations [] and victim restitution." (Id. at 6).

Magistrate Judge Carlson emphasizes that not only is Plaintiff's settlement debt subject to offset under the TOP, but that Plaintiff has been afforded proper due process of the law that requires the federal agency attempting to collect the debt ("creditor agency") to notify the debtor that the debt is subject to offset and to provide the debtor with an opportunity to dispute the debt or make arrangements to pay it. See 31 U.S.C. § 3716(a), (c)(6). After the debtor is provided with notice and is given the opportunity to dispute the debt or make other arrangements to pay it, the creditor agency attempting to collect the debt "must certify to Treasury that the debt is eligible for collection by offset and that all due process protections have been met. See 31 C.F.R. § 285.5(d)(3)(ii), (d)(6)." (Id. at 7), citing Johnson

v. U.S. Dep't of Treasury, 300 F. App'x 860, 862 (11th Cir. 2008).

Additionally, if a person is dissatisfied with a TOP offset, there are administrative procedures "established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought." (Doc. 34, pp. 7-8), citing United States v. Beulke, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012). After an administrative procedure regarding TOP offset debt is exhausted, a prisoner may then file an action in federal court challenging this offset decision. (Id. at 8), citing Omegbu v. U.S. Dep't of Treasury, 118 F. App'x 989, 990 (7th Cir. 2004).

Magistrate Judge Carlson explains that while the creditor agency must notify the debtor of any collection efforts, and give the debtor an opportunity to dispute the debt or make arrangement for payment, "'the United States Attorney's Office is not responsible for [an inmate's] personal debts and [does] not have an additional responsibility to remind [the inmate] in the settlement agreement that the funds would be offset." (Id.), citing United States v. Bailey, 2013 WL 5964447 (D. Minn. Nov. 4, 2013).

In light of these aforementioned legal principles governing the TOP, Magistrate Judge Carlson recommends that Plaintiff's Motion to Reopen be denied for the following reasons: (1) "the defendant has substantially complied with the

agreement by arranging for the Treasury to issue a payment to the plaintiff in the amount agreed upon by the parties" which means there was no material breach of the agreement; (2) the plaintiff "has received benefit of this payment under the agreement, albeit in an indirect fashion, through the reduction of the plaintiff's outstanding and pre-existing indebtedness"; (3) "the application of the Treasury offset to this payment is mandated by law and is largely a non-discretionary function by Treasury"; (4) "the statute and regulations creating the [TOP] provide ample due process protections to a prisoner plaintiff prior to offset, and allow for administrative agency review of any offset decisions, followed by judicial review of particular offsets, if necessary"; (5) "attempting to modify, or set aside, this offset action at this point could harm the interests of third parties, including victims entitled to restitution or dependants awaiting child support"; (6) "as a matter of law[,] the plaintiff simply was not entitled to additional, specific advance notice that the proceeds obtained in this settlement might at some later date be subject to a Treasury offset"; and (7) "vacating or setting aside this settlement would be a wholly fruitless endeavor, and would not allow the prisoner plaintiff to avoid or evade the Treasury offset in the future." (Doc. 34, pp. 9-11). Therefore, at this time, Plaintiff's proper remedy to dispute the Treasury offset is to file an administrative complaint, not a motion to reopen his federal case. (Doc. 34, p.

12).

In response to Magistrate Judge Carlson's R&R, Plaintiff filed Objections in which he claims that he did not receive the due process protections of 31 U.S.C. § 3716, et seq., and 31 C.F.R. § 285.5, et seq., for the following reasons: (1) his settlement is not an "award" subject to offset by the TOP; (2) he was not notified that his settlement award would be subjected to this offset; (3) he did not receive notice of the offset before it occurred or the opportunity to dispute the debt or make arrangements to pay it before it was offset; and (4) he did not receive certification that such a debt existed and was eligible for collection by offset. (Doc. 37, p. 2). Plaintiff also claims that if due process had been followed, he would have prevailed in not allowing his settlement award to offset his debt. (Id. at 3). Lastly, Plaintiff avers that the debt that was offset by the settlement award does not exist. (Id. at 4).

In its Brief in Opposition to Plaintiff's Objections to the Report and Recommendation, Defendant argues that this Court should overrule Plaintiff's Objections in their entirety and adopt Magistrate Judge Carlson's R&R. (Doc. 38, p. 6). First, Defendant claims that Plaintiff's settlement amount is an award subject to offset under 31 U.S.C. § 3716, et seq., and 31 C.F.R. § 285.5(a)(1). Moreover, "[t]he Debt Collection Improvement Act requires federal agencies that

are owed eligible delinquent non-tax debts (referred to as "creditor agencies") to refer those debts to Treasury for offset. Treasury disburses federal payments, such as judgment fund payments, and, as the disbursing agency makes federal payments on behalf of federal agencies." (Doc. 38, p. 3) (emphasis in original). Also, Defendant highlights that it is the Treasury's obligation, not that of the United States or the United States Attorney's Office, to issue a certification that such debts qualify for collection by offset. (Id.); see 31 U.S.C. § 3716(c)(6) and 31 C.F.R. [§] 285.5(d)(6). Furthermore, Defendant contends that after an offset is made, the debtor can only obtain relief from the offset from the creditor agency that referred the debt to the Treasury for collection. (Id.). Because of these procedures and because the creditor agency is the agency to which payment from the offset is paid, Defendant argues that it is an improper Defendant, and does not "have the ability to circumvent Treasury's offset program." (Id. at 4).

Second, regarding Plaintiff's assertion that had he known of his debt, he could have proved that it did not exist, Defendant asserts that while it has attempted to assist Plaintiff, because it is a non-party to the case, the Treasury Department is unable to provide Defendant with information regarding Plaintiff's offset to Defendant due to legal privacy obligations. (Id.). Thus, Defendant argues that it should not be held liable for Plaintiff's alleged lack of knowledge of

D→

1. Improper D - creditor agency is proper D.
2. No duty to issue certification that debt qualifies for offset
3. No knowl. of debts existence b/c = confidential info. under TOP.
4. No oblig. to report, certify, collect, disburse

the debt because it had no access to this type of information. (Doc. 38, p. 4).

Third, with regards to Plaintiff's objection that his due process rights were violated because he did not receive notice of the debt or the opportunity to dispute the debt or make other payment arrangements, because the United States is not a party with the obligation to report, certify, collect, or disburse the debt, Defendant had neither the "requirement nor the ability to provide the notice Walker references." (Id. at 5). Defendant bases this argument on 31 C.F.R. § 285.5(g)(3), which states that "the disbursing official, or FMS (Fiscal Management Services) on behalf of the disbursing official" has the duty to provide notice of an offset payment to a debtor, not the United States or the United States Attorney's Office. (Id.), citing United States v. Bailey, 2013 WL 5969668 (D. Minn. Aug. 13, 2013), adopted by 2013 WL 5964447 (D. Minn. Nov. 4, 2013).

Finally, Defendant avers that "in two additional cases in this district in the last month under identical facts where the United States and plaintiff settled a salmonella claim and the plaintiff challenged the subsequent offset of his settlement proceeds, the identical reasoning of the Report and Recommendation at issue was adopted in its entirety." (Id. at 6-7), citing Johnson v. United States, No. 3:13-cv-0894, (Docs. 25-26), (M.D. Pa. April 14, 2014) (Mariani, J.); Peete v. United States, No. 3:13-cv-1241, (Docs. 28-29), (M.D. Pa. April 9, 2014)

(Conaboy, J.).

After de novo review of Plaintiff's specific Objections to Magistrate Judge Carlson's R&R, this Court will adopt the R&R, overrule Plaintiff's Objections, and deny Plaintiff's Motion to Reopen. First, Plaintiff is incorrect that his settlement was not an "award" subject to offset because his settlement is subject to collection by a creditor agency under the TOP. See 31 U.S.C. § 1304(a)(3)(A); see also United States v. Bailey, 2013 WL 5964447 (D. Minn. Nov. 4, 2013). Therefore, a settlement is an "award" subject to offset by the TOP. Furthermore, Plaintiff's reliance on Dodd v. Robinson, Civil Action No. 03-F-571-N, Order, *1 (M.D. Ala., March 26, 2004) to support his argument that a settlement is not an "award" subject to offset is misplaced because the issues in that case regarded restitution of a victim, not offsetting a non-tax debt.

Next, the following Objections presented by Plaintiff have been asserted against improper Defendants: (1) that Defendant failed to notify Plaintiff that his settlement award would be subject to offset; (2) that Defendant failed to notify Plaintiff of the debt offset before it occurred and failed to provide him with the opportunity to dispute the debt or make other payment arrangements for it; and (3) that Defendant failed to provide Plaintiff with certification that the debt existed, was eligible for offset, and that he received the TOP due process protections.

UJ – (1) Settle. = award subj. to offset U.S. v. Bailey.
(2) Improper D – no duty to notify debtor that settlement subj. to offset, to provide debtor w/ opport. to dispute debt or make payment arrang. or to provide cert. of offset elig. & that d. process protec. were provided.
(3) Pl. hasn't exhausted admin. remedy process.

Neither the United States nor the United States Attorney's Office has the obligation to notify a debtor of the possibility that a settlement award may be or will be offset under the TOP, to provide the debtor with the opportunity to dispute the debt or make other payment arrangements, or to provide certification of the offset eligibility and that TOP due process protections have been provided. Rather that obligation lies with the creditor agency that is attempting to offset the debt with the settlement money. See 31 U.S.C. § 3716(a), (c)(6); see also Bailey, 2013 WL 5964447.

Moreover, even if Plaintiff had asserted his Motion against the proper Defendant, he has not exhausted the administrative remedy process. Therefore, the issues presented, including Plaintiff's averment that had due process procedures been followed, he would have prevailed in protecting his settlement award from offset, and his allegation that the debt that was offset does not exist, are premature. See Beulke, 892 F. Supp. 2d at 1189 (holding that if a person is dissatisfied with a TOP offset, administrative remedies are available to provide due process to debtors against whom offset is sought). After an administrative procedure regarding TOP debt is exhausted, a prisoner may then file an action in federal court challenging this offset decision. (Doc. 34, p. 8), citing Omegbu v. U.S. Dep't of Treasury, 118 F. App'x 989, 990 (7th Cir. 2004). Accordingly, this

Court is not currently in the position to determine any of the issues raised in Plaintiff's Motion to Reopen until he exhausts his administrative remedies.

**Conclusion**

In summary, this Court agrees with the R&R that neither the United States nor the United State's Attorney Office has any involvement in the Treasury Offset Program. Defendant was not required to notify Plaintiff that his settlement award may be subject to the TOP, to notify Plaintiff of a debt subject to offset, to provide Plaintiff with an opportunity to dispute the offset of the debt or arrange other payment, or to provide Plaintiff with certification of the debt's existence and eligibility for the TOP. Therefore, Plaintiff has named an improper Defendant in his Motion to Reopen. Additionally, there is no evidence that Plaintiff has exhausted his available administrative remedies that would enable this Court to review the presented issues.

After de novo review, this Court finds no error in the R&R, and it will be adopted. A separate Order will be issued.

Date: June 3, 2014

**United States District Judge**